

RECEIVED
PIERCE COUNTY AUDITOR

FEB 07 2020

**FILED**

JAN 3 1 2020

Superior Court
Linda Myhre Enlow
Thurston County Clerk

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THURSTON COUNTY

| | |
|---|---|
| Brian Cortland,<br><br>Plaintiff,<br><br><br><br><br><br>v.<br><br><br>Pierce County, A Municipal Corporation<br><br>Defendant. | **COMPLAINT FOR DISCLOSURE UNDER THE PUBLIC RECORDS ACT CHAPTER 42.56 RCW; CONSTITUTIONAL CHALLEGNE TO VOID RCW 42.56.250(8)**<br><br>Case number:<br>    20-2-00469 34<br>Date: January 31, 2020 |

Mr. Brian Cortland, through his undersigned attorney, alleges as follows:

## I.    INTRODUCTION

1.  There is an old saying that a "picture is worth a thousand words." This adage stands for the proposition that a still image is so complex, that a picture may convey an idea more quickly and effectively than the written word.

2.  Pierce County is knowingly and intentionally withholding pictures from Mr. Cortland under the Public Records Act to ensure that he cannot speak one word about the

Complaint for Violation
Joseph Thomas
of the Public Records Act; Constitutional challenge to RCW 42.56.250(8)   WSBA # 49532

responsive pictures, let alone a thousand.  Pierce County claimed an exemption in bad

faith to withhold documents from Mr. Cortland that were and are public.

3.  Mr. Cortland now seeks review of Pierce County's denial of their statutory right of an

opportunity to inspect and copy records.  "The people" says the PRA, "do not give their

public servants the right to decide what is good for the people to know and what is not

good for them to know." RCW 42.56.030.

## II.      PUBLIC RECORDS AT ISSUE

4.  Mr. Cortland's October 31, 2019 PRA request for: "[a]ny and all records of official

photos and/or identification badges for Pierce County, Washington Prosecuting Attorney

Frank Cornelius."

## III.     JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action and personal jurisdiction over

the parties pursuant to RCW 42.56.550(4).

6.  Venue lies in this Superior Court under RCW 36.01.050 as an alternative judicial district

because this action is against a county.

7.  Plaintiff Brian Cortland is a resident of Washington State.

8.  Defendant Pierce County is an "agency" pursuant to RCW 42.56.010(1).

9.  Each of the records requested are "public record" because it seeks identifiable documents

concerning the conduct and performance of government or governmental function

pursuant to RCW 42.56.010(3).

pg. 2                                   Complaint for Violation                                Joseph Thomas
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)        WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118

## IV.    FACTUAL BACKGROUND

**ID Badge**

10. The purpose of an identification badge ("ID badge") is inherent in its name – an official

    credential to identify a person to coworkers and the public.

11. Pierce County has a county-wide policy for ID badges called "Pierce County

    Identification Badge" and is identified by policy number 2016-01-20. *See* Ex. A.  The

    policy mandates in pertinent part that:

> All county employees, contractors, vendors and volunteers shall have
> readily visible and present on the person at all times the required issued
> Pierce County Identification card, while they are engaged in business
> activities on Pierce County facilities. . .
>
> Security and Law Enforcement shall ensure compliance and conduct
> verification of identification being visible or readily present.

    The Pierce County Identification Badge policy also has an enforcement mechanism.  For

    the first violation "a verbal warning" is given "and voluntary compliance shall be

    sought."  For the second violation the individual "shall have their card revoked and a

    meeting shall be convened between the Pierce County Security Manager, Human

    Resource Representative, Program Sponsor and the person involved." "If three violations

    occur within a 12 month period, the ID badge shall be revoked for a 12 month time

    period."

12. Pierce County also has a Building Access and Control Policy which governs access

    control to Pierce County managed and controlled buildings and structures.  The Building

    Access and Control Policy states in pertinent part: "Employees, Vendors and other ID

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)
Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118
(306) 300-8048

Card Holding personnel must display their ID Cards on their outer-most garment of clothing at all times." Ex. B.

13. Pierce County Deputy Prosecuting Attorney Frank Cornelius' ID badge is an official credential which is used to identify Mr. Cornelius to coworkers and the public. Mr. Cornelius' ID badge is attached to a lanyard, which is used to predominantly display an ID badge around one's neck, instead of keeping it hidden in the pocket. The ID badge at the top identifies Mr. Cornelius is a Pierce County employee. In bold letters Mr. Cornelius' name appears below his photo. Lastly, the ID badge identifies the department Mr. Cornelius works in – the prosecuting attorney's office. All the information on the front side of the ID badge is used to identify Mr. Cornelius to coworkers and the public.

14. Mr. Cornelius' ID badge is used by the public as a government issued credential to identify him by the public, including but not limited to Mr. Cortland.

**Pierce County Denied Mr. Cortland's PRA Request at Issue in this Lawsuit**

15. On October 31, 2019, Mr. Cortland, made a Public Records Act ("PRA") request to the Pierce County Prosecuting Attorney's Office for "[a]ny and all records of official photos and/or identification badges for Pierce County, Washington Prosecuting Attorney Frank Cornelius."

16. Mr. Cortland's request did not seek the "month and year of birth in the personnel files of employees," but only sought official photos and ID badges.

17. On November 13, 2019, Pierce County Public Records Officer Adrian McDaniel responded to Mr. Cortland's PRA request. No explanation was provided on how the search was performed or when it was performed. Ms. McDaniel explained that her

pg. 4                    Complaint for Violation                    Joseph Thomas
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)        WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118
(306) 200-0040

search yielded 3 documents. One document was withheld from Mr. Cortland in its entirety. The other two documents had redactions, where Mr. Cortland is not able to copy and inspect what is underneath the redaction. Ex. C.

18. In the November 13, 2019 communication Ms. McDaniel attached an exemption log. The exemption log identifies the withholding and redactions were made pursuant to RCW 42.56.250(9). Next to the claimed statutory exemption, Ms. McDaniel provided a short explanation stating "[p]hotographs and month and year of birth in the personnel files of employees and workers of criminal justice agencies as defined in RCW 10.97.030 is exempt." The explanation uses the language from RCW 42.56.250(8) and not RCW 42.56.250(9). Ex. D.

19. At the conclusion of the November 13, 2019 letter Ms. McDaniel states that she is closing out the request, as she responded to it in full. Ex. C.

20. Mr. Cortland intended to communicate to third parties concerning the contents of the documents produced by Pierce County. Since the documents were entirely withheld or partially redacted, Mr. Cortland is unable to speak about the contents of the documents to third parties.

21. None of the documents produced by Ms. McDaniel appear to reference or identify global positioning system data.

22. At no time did neither Ms. McDaniel nor any other official from Pierce County clarify which exemption the agency was claiming.

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)
Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118

**Mr. Cornelius' identity**

23. There is no question about Mr. Cornelius' identity, as it is already in the public domain
    through multiple pictures and videos of him on the internet.  Mr. Cornelius appears to be
    Caucasian, with a shaved head, and a neatly groomed salt and pepper mustache and
    beard.  Additionally, sometimes Mr. Cornelius wears glasses.  Because of the public
    photos and videos of Mr. Cornelius in the public domain on the internet, anyone can find
    out Mr. Cornelius' identity.

24. Pierce County Deputy Prosecuting Attorney Frank Cornelius' likeness and identity is
    currently publicly released and available on the website Alumnius.net at:
    https://alumnius.net/seattle_university_s-9655-13#id148456548.  This photo of Mr.
    Cornelius on Alumnius.net is a tightly cropped headshot, which is a similar style to what
    may be used by actors or business people for marketing purposes.  With Mr. Cornelius
    looking directly at the camera his eyes, nose, mouth, and ears are all clearly visible in the
    photo. Anyone with an internet connection is able to view Mr. Cornelius' headshot on the
    Alumnius.net website.

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)                    Joseph Thomas
                                                                                          WSBA # 49532
                                                                      Law Office of Joseph Thomas PLLC
                                                                            5991 Rainier Ave. S., # B
                                                                          Seattle, Washington 98118



25. Pierce County Deputy Prosecuting Attorney Frank Cornelius' likeness and identity is

currently publicly released and available on the news website KUOW.org at:

http://archive.kuow.org/post/lawsuit-refund-and-now-key-witness-troy-kelley-trial. This

environmental portrait shows Mr. Cornelius' top half of his body.  Again, this photo

shows Mr. Corrnelius' eyes, nose, mouth, and ears. Anyone with an internet connection is

able to view Mr. Cornelius' environmental portrait on the KUOW.org website.



Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)

Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118
(206) 200-0840

26. Pierce County Deputy Prosecuting Attorney Frank Cornelius' likeness and identity is

currently publicly released and available on the website Datapile.com at:

https://www.datapile.com/pro/frank-cornelius-lawyer-p90458024/. This is a tightly

cropped portrait of Mr. Cornelius showing the top half of his body, which is a similar

style to what may be used by actors or business people for marketing purposes. With

Mr. Cornelius looking directly at the camera his eyes, nose, mouth, and ears are all

clearly visible in the photo. Anyone with an internet connection is able to view Mr.

Cornelius' headshot on the Datapile.com website.



27. There are also at least two videos of Mr. Cornelius performing the public duties of his job

as a Pierce County Deputy Prosecuting Attorney, while in public. From the videos, an

individual will be able to identify Mr. Cornelius' physical appearance, and other

characteristics such as his voice.

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)

Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118
(206) 290-9010

28. Pierce County Deputy Prosecuting Attorney Frank Cornelius' likeness and identity is
currently publicly released and available in the video, *Green v Pierce County 1 March
2019 Motion to Compel*, by Libertys Champion on YouTube at:

https://www.youtube.com/watch?v=dhkGR7Ml53A.  This video shows Mr. Cornelius
advocating on behalf of his employer Pierce County in open court.  Consistent with the
photos above, the video shows Mr. Cornelius with a shaved head, and a salt and pepper
beard and mustache.



Green v Pierce County 1 March 2019 Motion to Compel
Libertys Champion
840 views

29. Pierce County Deputy Prosecuting Attorney Frank Cornelius' likeness and identity is
currently publicly released and available in the video, *Motion for Discretionary Review-
Court of Appeals*, by Libertys Champion on YouTube at:

https://www.youtube.com/watch?v=82oSJ5Zm7GE. This video shows Mr. Cornelius
advocating on behalf of his employer Pierce County in open court.  Consistent with the

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)
Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118

photos above, the video shows Mr. Cornelius with a shaved head, and a salt and pepper

beard and mustache.



***PCPAA and Frank Cornelius v. Green and Pierce County*, 19-2-11698-1.**

30. On October 24, 2019 the Pierce County Prosecuting Attorney's Association and Pierce

County Deputy Prosecuting Attorney Frank Cornelius filed cause 19-2-11698-1 in Pierce

County Superior Court. The lawsuit seeks to prohibit Pierce County from producing

"official photos" and "ID badge" of Mr. Frank Cornelius. Ex. E.

31. The complaint in cause number 19-2-11698-1 expressly seeks relief in the form of:

"Declaring that County records containing official photos and/or identification badges of

public employee members of Plaintiff PCPAA, including but not limited to those of

Plaintiff Cornelius, are exempt to disclosure under the PRA."

Complaint for Violation Joseph Thomas
of the Public Records Act; Constituional challenge to RCW 42.56.250(8) WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118

32. Additionally, the complaint in cause number 19-2-11698-1 expressly seeks relief in form
    of: "Providing temporary, preliminary, and permanent injunctive relief enjoining the
    County from disclosing the official photos and/or identification badges of public
    employee members of Plaintiff PCPAA, including but not limited to those of Plaintiff
    Cornelius, as contained in County records."

33. This above entitled lawsuit and cause number 19-2-11698-1 are both litigating the same
    issue – whether Pierce County Deputy Prosecuting Attorney Frank Cornelius' official
    photos and ID badge should be produced under the Public Records Act, Chapter 42.56
    RCW.

34. As of the date of the filing of this Complaint, Mr. Cortland is not a named party in cause
    number 19-2-11698-1.

35. Mr. Cortland has never been asked to be a named party in cause number 19-2-11698-1 to
    defend his statutory right to copy and inspect Pierce County Deputy Prosecuting Attorney
    Frank Cornelius' official photos and ID badge.

## *FIRST CAUSE OF ACTION*

### RCW 42.56.550
### DENIAL OF THE RIGHT TO INSPECT AND COPY

42. All preceding paragraphs are incorporated by reference as though fully set forth herein.

43. State law provides the PRA "shall be liberally construed and its exemptions narrowly
    construed to promote this public policy and to assure that the public interest will be fully
    protected." RCW 42.56.030. The PRA also provides that "[c]ourts shall take into account
    the policy of this chapter that free and open examination of public records is in the public

pg. 11                              Complaint for Violation                              Joseph Thomas
                    of the Public Records Act; Constituional challenge to RCW 42.56.250(8)          WSBA # 49532
                                                                            Law Office of Joseph Thomas PLLC
                                                                                    5991 Rainier Ave. S., # B
                                                                                   Seattle, Washington 98118
                                                                                      (206) 390-8848

interest, even though such examination may cause inconvenience or embarrassment to

public officials or others." RCW 42.56.550(3).

44. Pierce County violated Mr. Cortland's statutory right to copy and inspect records under

the Public Records Act when claimed a sham exemption of RCW 42.56.250(8). But not

all three elements of RCW 42.56.250(8) apply to Mr. Cortland's request to make this a

valid exemption. Mr. Cortland did not request the "month and year of birth in the

personnel files of" Frank Cornelius, in order for Pierce County to be able to assert this

exemption.

45. Pierce County further violated Mr. Cortland's statutory right to copy and inspect records

under the Public Records Act by claiming an exemption when Mr. Cornelius' photos and

likeness were already in the public domain. "Under [the] public-domain doctrine,

materials normally immunized from disclosure under FOIA lose their protective cloak

once disclosed and preserved in a permanent public record." *Muslim Advocates v. US*

*Dept. of Justice*, 833 F. Supp. 2d 92, 99 (D.C. Cir. 2011) (quoting *Cottone v. Reno*, 193

F.3d 550, 554 (D.C.Cir.1999) (citing *Niagara Mohawk Power Corp. v. United States*

*Dep't of Energy*, 169 F.3d 16, 19 (D.C.Cir.1999)). There was no exemption for Pierce

County to claim when Mr. Cornelius' image and likeness was already in the public

domain.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT under Chapter 7.24 RCW

46. All preceding paragraphs are incorporated by reference as though fully set forth herein.

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)
Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118
(206) 390-8848

47. RCW 42.56.250(8) is void on its face because it is an unconstitutional content-based regulation, which violates the First Amendment to the United States Constitution. *See* U.S. Const. amend. I; *Reed v. Town of Gilbert, Ariz*, 135 S. Ct. 2218, 2231 (stating "content-based restrictions on speech, those provisions can stand only if they survive strict scrutiny"). The statute, RCW 42.56.250(8), distinguishes amongst requestors based upon the content of the document. If the documents contain "Photographs and month and year of birth in the personnel files of employees and workers of criminal justice agencies" then only the media can receive the documents under the plain language of RCW 42.56.250(8). Mr. Cortland is not a member of the news media.

48. Mr. Cortland's request is protected speech under the First Amendment. When making the request, Mr. Cortland communicates to the government about which documents he wants. *Hobbs v. State*, 335 P. 3d 1004, 1011 n. 12 (Wash. Ct. App. 2014) (stating "the purpose of the PRA is best served by communication between agencies and requestors"); WAC 44-14-04003 (stating "Communication is usually the key to a smooth public records process for both requestors and agencies"). After receiving the documents, Mr. Cortland also communicates with others about the contents of the documents. *See Fritz v. Gorton*, 83 Wn.2d 275, 296 (1974) (explaining "the right to receive information is the fundamental counterpart of the right of free speech").

49. Under the First Amendment there is no difference between news and non-news media. *See Citizens United v. Federal Election Com'n*, 130 S. Ct. 876, 905-06 (2010) (stating "[w]ith the advent of the Internet and the decline of print and broadcast media ... the line between the media and others who wish to comment on political and social issues

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)

Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118

becomes far more blurred"); *Obsidian Finance Group, LLC v. Cox*, 740 F. 3d 1284, 1291 (9th Cir. 2014) (stating "[t]he protections of the First Amendment do not turn on whether the defendant was a trained journalist, formally affiliated with traditional news entities, engaged in conflict-of-interest disclosure, went beyond just assembling others' writings, or tried to get both sides of a story"); *Snyder v. Phelps*, 580 F.3d 206, 219 n. 13 (4th Cir.2009), aff'd, 131 S.Ct. 1207 (2011) ("Any effort to justify a media/nonmedia distinction rests on unstable ground, given the difficulty of defining with precision who belongs to the media."); *Flamm v. Am. Ass'n of Univ. Women*, 201 F.3d 144, 149 (2d Cir.2000) (holding that "a distinction drawn according to whether the defendant is a member of the media or not is untenable").

50. There is no governmental purpose that can justify the content-based restriction in RCW 42.56.250(8).  The content-based restriction in RCW 42.56.250(8) provides photos and dates of birth of criminal justice agency employees to the news media and no one else. The purpose with giving the documents to the news media is for it to be published by the news media, or simply putting the documents in the public domain.  It cannot serve any legitimate government purpose for the documents to be given to news media to be disseminated to the public, and not to the public directly.

51. Consequently, since RCW 42.56.250(8) is an unconstitutional content-based restriction, there is no valid exemption to redact or withhold the responsive documents, and Pierce County violated Mr. Cortland's right to copy and inspect records under RCW 42.56.550.

## V.     REQUEST FOR RELIEF

Mr. Cortland requests that this Court grant the following relief:

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)

Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118

52. A show cause order pursuant to RCW 42.56.550(1) why Pierce County denied Mr. Cortland an opportunity to inspect or copy the requested public record.

53. An order requiring Pierce County to produce the requested public records for Mr. Cortland to immediately copy or inspect, as per his statutory right under the Public Records Act.

54. An order directing Pierce County to pay a daily statutory penalty to Mr. Cortland, not to exceed $100, per page per day, as allowed by RCW 42.56.550(4) for each individual record withheld until Pierce County responds to each of the outstanding public records requests and provides all responsive documents. *Soter v. Cowles Pub. Co.*, 174 P. 3d 60, 78 (Wash. 2007) (stating "[f]or practical purposes, the law treats a failure to properly respond as a denial)).

55. All costs and reasonable attorney's fees, pursuant to RCW 42.56.550(4), incurred in connection with prosecuting this legal action, if any, including all appeals.

56. An order invalidating and finding RCW 42.56.250(8) unconstitutional as it is a content-based regulation which violates the First Amendment to the United States Constitution.

57. Any other such relief this Court deems as equitable.

Dated this 31 day of January 2020.

Respectfully submitted,

The Law Office of Joseph Thomas PLLC

Joseph Thomas, WSBA # 49532

Complaint for Violation
of the Public Records Act; Constituional challenge to RCW 42.56.250(8)

Joseph Thomas
WSBA # 49532
Law Office of Joseph Thomas PLLC
5991 Rainier Ave. S., # B
Seattle, Washington 98118

RECEIVED
PIERCE COUNTY AUDITOR

FEB 07 2020

# Exhibit A

 **PIERCE COUNTY SECURITY PROGRAM POLICIES AND PROCEDURES**

| TITLE: Pierce County Identification Badge | EFFECTIVE: **January 2016** | POLICY #: 2016-01-20 |
| --- | --- | --- |
| APPROVED BY: | REVISION DATE: | POLICY CATEGORY: |
| APPLIES TO: **County Wide** | NEXT REVIEW DATE: | |

## POLICY

All county employees, contractors, vendors and volunteers shall have readily visible and present on the person at all times the required issued Pierce County Identification card, while they are engaged in business activities on Pierce County facilities. Exceptions to this rule shall be submitted in writing to the Pierce County Security Manager who shall have sole decision-making authority to provide an exception based upon a clearly identified safety issue. At no time is anyone authorized to loan, share or provide access to anyone not present with a County Identification Card. Failure to comply with this section of the policy could lead or result in discipline.

Security and Law Enforcement shall ensure compliance and conduct verification of identification being visible or readily present. Supervisors shall also provide compliance oversight on this issue and provide notification to Facilities-Security Management any actions taken as it applies to this policy.

Each person is responsible for the issued identification card and shall immediately notify the supervisor and the Facilities Security Management team of any lost, stolen or misplaced identification cards. Failure to do so could lead or result in discipline.

Initial identification cards will be provided at no cost to those requiring an identification card. The cost shall be absorbed through the Facilities-Security Management operations budget.

Employees initial card and replacement cards will be managed by the Human Resource Department.

Contractors, vendors, volunteers and all other non-county employees initial card and replacement cards will be managed by the Facilities-Security Management team.

Department Security Coordinators are responsible for notification to the Facilities-Security Management Team for any employee, contractors, vendors or volunteers sponsored by the program access requests, changes, alterations or removal of access. See Access Policy #2017-08-09

Replacement identification cards can be created if a card is stolen, lost, misplaced or the employee desires a new photo or name change.

Replacement Cost responsibilities are as follows:

Stolen-if police case number provided Facilities-Security Management will absorb the replacement cost.

Lost or misplaced- employee is responsible for the replacement cost.

New Photo- employee is responsible for the replacement cost

Name Change- Facilities-Security Management will absorb the replacement cost

Worn Out/Non Functioning-Security Management will absorb the replacement cost

Other circumstances-Cost decision will be decided based upon the facts as viewed and presented to the Pierce County Security Manager and the Human Resource.

Replacement costs that are required by the employee, contractor, vendor, visitor shall be paid to Finance and directed into the Facilities-Security Management program for cost recovery.

## PROCESS

Background policy compliance shall occur prior to issuance of a Pierce County Identification Card (See Policy #2017-04-01)

Upon completion of background process, employees shall work directly with Human Resources for the issuance of their Identification Card. Contractors, vendors, volunteers and all non county employees shall work directly with Facilities-Security Management Team for the issuance of their identification card.

Upon being issued a County Identification card, each person shall work directly with their Department Security Coordinator to obtain access needed to conduct their county business. Department Security Coordinator is responsible to ensure appropriate training and documents are completed for special and unique access areas (PREA, CJIS areas). Please refer to CJIS Background Policy #2017-02-01

Sponsors are responsible to ensure contractors, vendors and volunteers understand the County Policy and requirements.

Supervisors, Law Enforcement and Security has responsibility for enforcement of the policy and visible challenge for identification.

Violations will be reported to the Security manager for policy compliance.

Security Manager is responsible to ensure Sponsor is aware of any violations of this policy.

Program sponsor is responsible for retrieval of the Identification Card upon separation from Pierce County duties and to immediately notify the Pierce County Lenel Administrators as well as the Security Operations Center (SOC) of the need to deactivate a card. Card shall be sent in inter-department mail to the Pierce County Security Manager at 1102 Tacoma Avenue, Suite 302 Tacoma WA 98402.

Pierce County Lenel Administrator(s) are responsible for the deactivation of any identification card that has access rights granted to it as well as the collection and safe storage of access cards returned to the Security Department.

## PROCEDURE

Department Sponsor gets appropriate backgrounds completed and works to schedule the photo session for the sponsored (HR for employees, Facilities Security for all others).

Upon issuance of the Identification card, Department Security Coordinator makes formal request for access needed to conduct their business and task. This shall be the assigned Pierce County Lenel Administrator PCLA).

The PCLA shall make the access additions as requested, if appropriate, and notify the Sponsor as well as the Sponsored to test access ability.

In the event the PCLA determines that the requested access is not appropriate, notification to the Security Manager for final decision shall occur. If denial occurs, the Security Manager shall ensure the Department Sponsor is notified and explanation provided.

Upon a loss, misplacement, stolen identification card, the owner of that particular card shall immediately notify their immediate supervisor as well as the SOC at 253-798-3997.

Supervisor shall follow-up with Security Manager to ensure notification was made and card deactivated.

For any other reason requesting a card change, the owner of the card shall make the request to the supervisor. If the supervisor approves of it, the supervisor shall work directly with the PCLA for scheduling, collection of the old card and issuance of the new card.

For associated costs for replacement of the issued identification card that fall on the responsibility of the owner of the card, replacement shall not occur until such time as the fee's associated are paid in full. Replacement fees being absorbed by the operation budget of the Facilities-Security Manager shall allow an immediate replacement. The PCLA upon being informed of this category shall ensure authorization from the County Security Manager. PCLA is responsible for tracking of all incidents involving the programs they support.

## ACTIONS

In the event a person is found to have violated this policy, they shall be provided a verbal warning and voluntary compliance shall be sought. Entry into the Lenel Persons record database shall be made by the Facilities Security Manager.

In the event a person is found to have violated this policy a second time, they shall have their card revoked and a meeting shall be convened between the Pierce County Security Manager, Human Resource Representative, Program Sponsor and the person involved. Pierce County Security Manager shall have the authority to re-issue the Identification card after the meeting if deemed appropriate.

In the event a person is found to have violated this policy a third time in a 12-month time period, the authority shall be revoked for a 12 month time period.



# Exhibit B

## BUILDING ACCESS AND CONTROL
**POLICY**
The following policy outlines security measures specifically designed to govern access control to Pierce County managed and controlled buildings and structures. This policy applies compliance and established protocol to all county employees, vendors and associates to minimize the risk associated with intentional or unintentional acts or breaches of access against Pierce County.

**ELIGIBILITY**
All employees under County jurisdiction including temporary personnel as defined within the policy. Vendors, contractors, contract employees and select non-government entities (IE: South Sound 911) are also required to be in compliance with this policy.

**GUIDELINES**
**A. Control Procedures**
In order to effectively manage Access Control to Pierce County Government and to protect the safety of all employees and the visiting public, the following procedures shall be adhered to:

1. All personnel shall be issued only the authorized Pierce County ID card upon hire. An ID card shall consist of a photo ID for identification that will also provide access for approved areas of need for the respective employee, vendor, contractor.

2. Employees, Vendors and other ID Card Holding personnel must display their ID Cards on their outer-most garment of clothing at all times.

3. It is not permitted to share ID cards, or to "piggy back" into a building or secured area.

4. The Access Control System should contain programming information to limit access areas and timings, as designated by the employees manager, through the identified Security Access Manager.

5. The issued ID card shall contain sufficient information to identify the individual (ie: name, photograph).

6. Any changes to the issued County identification card must be approved by the Security Manager.

7. Security shall be notified of all separations or terminations of employees of temporary workers to deactivate the card. The employee/temporary employee's manager is responsible for collecting the ID card upon separation and returning it to Security.

**B. Access Card Issuance**
Requests for new ID cards must be accompanied by an "Access Application Form" available from Security.

All requests for the production of a new access card or modification of an existing card shall be provided by:

1. Human Resources or the Employees Manager for new employees,

2. Employees Manager for transferred employees or for current employees

requiring access modification

**3.** Relationship Manager for vendor/contractors

It is the responsibility of Security Services to enter the new employee data into the access control system following the guidelines of the system and this policy.

**C. Temporary Personnel/Volunteers**

**1.** In some scenarios, temporary personnel, vendors or volunteers (referred to as temporary employees) may be required to support County operations.

Temporary personnel that frequent the Campus or are assigned to the Complex shall be eligible to receive ID cards.

**2.** The Background color of temporary personnel ID cards shall be different in color than the background of employee cards to easily distinguish them.

**3.** The manager responsible for the relationship shall complete an Access Application form and authorize the required access. This form shall be provided to Security Services.

**4.** All temporary cards shall have a maximum length of 90 days prior to automatically expiring. This will ensure limited exposure to temporary personnel who are no longer servicing Pierce County where security has not been notified. In all separations or terminations, Security should be notified.

**5.** The length of expiry on any temporary card may be extended upon the relationship manager's written approval (ie: e-mail). This extension request will then be filed with the temporary employees original access application form by Security.

**6.** To simplify the expiration process, all temporary cards shall be set to expire on the last day of the quarter (ie: March 31, June 30, September 30, December 31). Relationship managers will be able to easily identify the first day of each quarter as the date by which authorization extensions are due in to Security.

**D. Key Issuance**

**1.** Security shall maintain a listing of issued keys and share this listing with HR on a frequent basis. Facilities Management manages key issuance in some buildings, and their system of tracking and maintaining keys should be identical to Security's.

**2.** Procedures for issuing keys should mirror that of access control cards, in that an application form for keys should be completed by the employee's manager. The issuance of physical keys should be limited and highly scrutinized, as the management of lost, stolen or unreturned keys is a difficult and expensive process.

**3.** Keys that control the perimeter of any building shall not be issued unless required specifically for an individual's job function, or as approved by the Director of their department. Issuance of such keys will be to departments only – not to an individual, unless approved by the Chief Security Officer. Perimeter keys, when issued, should remain in a departmental lock box or other secure area, and should not be taken home by personnel.

**4.** Temporary employees, contract employees and/or volunteers shall not be issued keys on a permanent basis. Should physical key use be required to fulfill a job function, keys should be managed within the department and signed in/out to the temporary employee on an as-needed basis.

**E. Resignations and Terminations**
**1.** Security shall be notified in writing, where possible, of a termination or separation slated to take place. As this is a sensitive area for HR, Management and the Employee, caution should be used in the handling and timing of the deactivation of terminated employees ID card.
**2.** Once a termination has taken place, the ID card shall be collected by HR/Management. The ID card shall be returned to Security, and all access to the ID card removed, and the card destroyed.
**3.** If the terminated employee did not have his/her ID card on their person, HR/Management shall ask that the ID card be mailed back to Security. Security shall be notified, and will remove all access associated with the card.
**4.** If HR/Management was unable to retrieve the card for any other reason, Security shall be immediately notified, and the above steps shall be followed.
**5.** Terminated employees should not be allowed back into the workspace following the termination for any reason.

**F. Lost or Stolen ID Cards/Badges**
**1.** Access ID cards act as keys, and should be treated as such if lost or stolen.
**2.** Lost or Stolen badges must be reported to Security immediately. Lost or stolen badges shall have access removed from the card. The "tracking" feature shall be enabled on any lost/stolen card in hopes that any unauthorized use can be discovered by Security personnel and/or CCTV.
**3.** There shall not be any fee associated with lost or stolen badge/ID cards or keys.
**4.** If ID card that was lost is later found, it should be turned into security to be destroyed. Employees may not possess more than one ID card.

**G. Exceptions**
**1.** Exceptions to policy are not possible, unless approved in writing by the Security Program Manager.

RECEIVED
PIERCE COUNTY AUDITOR

FEB 07 2020

# Exhibit C

**Pierce County**

Office of Prosecuting Attorney

MARY E. ROBNETT
Prosecuting Attorney

REPLY TO
CIVIL DIVISION
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
FAX   253, 798-6713

Main Office   (253) 798-6732

November 13, 2019

Brian Cortland
fightpubliccorruption@yahoo.com

RE:     Public Records Request Dated October 31, 2019, PA Reference No. 19-
         2043

Dear Mr. Cortland:

Your public records request received by me in the Civil Division of the office of the Pierce
County Prosecuting Attorney on October 31, 2019, asks for the following records from the
files of the Pierce County Prosecuting Attorney's Office:

> *1. Any and all records of official photos and/or identification badges for Pierce
> County Washington Prosecuting Attorney Frank Cornelius.*
> *2. If your agency is claiming an exemption to the above request #1, please provide
> your agency's exemption log and the exemption your agency is claiming.*

I have completed the search for the requested documents. Three (3) pages were located
that are responsive to your request. Of these pages, two (2) will be released to you. Please
see the attached exemption log for additional information regarding redactions and
exemptions that apply to these records.

Please be advised that on July 2, 2019, by Ordinance 2019-27, the Pierce County Council
amended Chapter 2.04 of the Pierce County Code consistent with RCW 42.56.120,
establishing additional fees for the uploading and electronic delivery of public records.
The ordinance also created a fee waiver for a certain quantity of records. The ordinance
became effective July 22, 2019.

The records will be available electronically through Filelocker, a file share portal. The
email address you supplied of fightpubliccorruption@yahoo.com will receive an email
informing you that I have shared a file with you and a link to the document that will enable
you to download it to your computer.

Filelocker automatically deletes files after twenty-one days. The file will be available to
you until December 4, 2019. Please advise if you need additional time to retrieve the file.
If you have questions or difficulty accessing the file, please contact me so that I may
address the issue and/or redirect delivery of the records.

Letter to Brian Cortland
Date: November 13, 2019
Page 2


At this time, I am closing this request in that I have responded to it in full. Should you have questions or concerns regarding this request, please contact me referencing PA Reference No. 19-2043.

Sincerely,

A. McDaniel

A. MCDANIEL
Public Records Officer


DECLARATION OF MAILING

... are under penalty of perjury that on this date, I emailed a properly addressed envelope document directed to the individual referenced above to fightpublicccorruption@yahoo.com

Dated 11/13/19 ..... at Tacoma Washington   A. McDaniel

RECEIVED
PIERCE COUNTY AUDITOR

FEB 07 2020

# Exhibit D

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Produced | Produced, portions redacted. See Column I. | Not Produced. See Column I. | PRR Bates Stamp Page Number | Record Type | Date of Creation (### Denotes Work Product) | Brief Description of Record (### Denotes Work Product) | Author (and recipient if record is a communication) (### Denotes Work Product) | Statute \| Description of Exemption \| How Exemption Applies to Prosecutor Records | Additional Identification |
| 3 | | | | | | | | | | |
| 4 | | X | | 1-2 | See record | See record | See record | See record | RCW 42.56 250(9)  \|  Employment and licensing information exempt from public inspection  \| Photographs and month and year of birth in the personnel files of employees and workers of criminal justice agencies as defined in RCW 10.97.030 is exempt. Redacted or exempted material consists of a photograph of a county deputy prosecutor, who is an employee of a criminal justice agency pursuant to RCW 10.997.030 (County Prosecuting Attorney's Office). | Applies to redac ion code number 1. |
| 5 | | | X | 3 | Official employee photograph | Unknown | Photograph of employee | Unknown | RCW 42.56 250(9)  \|  Employment and licensing information exempt from public inspection  \| Photographs and month and year of birth in the personnel files of employees and workers of criminal justice agencies as defined in RCW 10.97.030 is exempt. Redacted or exempted material consists of a photograph of a county deputy prosecutor, who is an employee of a criminal justice agency pursuant to RCW 10.997.030 (County Prosecuting Attorney's Office). | |

RECEIVED
PIERCE COUNTY AUDITOR

FEB 07 2020

# Exhibit E

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY WASHINGTON

October 24 2019 1 31 PM

KEVIN STOCK
COUNTY CLERK
NO: 19-2-11698-1

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| PIERCE COUNTY PROSECUTING ATTORNEYS' ASSOCIATION, a Washington mutual corporation, and FRANK CORNELIUS, an individual, | NO. |
| Plaintiffs, | PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |
| vs. | |
| BRIAN GREEN, an individual, and PIERCE COUNTY, a Washington municipality, | |
| Defendants. | |

## I.  SUMMARY OF COMPLAINT

Plaintiffs Pierce County Prosecuting Attorneys' Association ("PCPAA") and Frank Cornelius bring this action for declaratory and injunctive relief against Defendants Brian Green and Pierce County ("the County"). Plaintiffs seek a declaratory judgment holding:

- That the public employee members of PCPAA, including but not limited to Plaintiff Cornelius, have a right of privacy under Article 1, Section 7 of the Washington Constitution which would be violated if the County disclosed records which contain their official photos and/or identification badges in response to requests made by Defendant Green under the Public Records Act ("PRA"); and

- That Defendant Green is not a member of the "news media" for purposes of RCW 42.56.250 (8) and RCW 5.68.010 (5), and that records containing official photos and/or identification badges of PCPAA member employees, including but not limited to

PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF

1

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001

Plaintiff Cornelius, are exempt from disclosure when requested by Defendant Green in PRA requests.

Plaintiffs further seek an order enjoining the County from disclosing records containing official photos and/or identification badges of PCPAA's member employees, including but not limited to Plaintiff Cornelius, absent consent by such PCPAA member employees.

## II.    PARTIES

2.1     Plaintiff PCPAA is a Washington mutual corporation and a professional association of its members, all of whom are employed by the Pierce County Prosecuting Attorney's Office as Deputy Prosecuting Attorneys. PCPAA is also the exclusive bargaining unit for its members. The principal office of PCPAA is located in Pierce County, Washington, where PCPAA conducts business.

2.2     Plaintiff Frank Cornelius is an individual person who is and was at all relevant times employed by the Pierce County Prosecuting Attorney's Office as a Deputy Prosecuting Attorney. Plaintiff Cornelius is a member of PCPAA and a resident of King County, Washington.

2.3     Defendant Pierce County is a municipality located in Pierce County, Washington. The Pierce County Prosecuting Attorney's Office is a department of the County.

2.4     Defendant Brian Green is an individual person. On information and belief, Defendant Green is a resident of Lewis County, Washington.

## III.    JURISDICTION AND VENUE

3.1     The Court has jurisdiction over this matter pursuant to RCW 2.08.010, Chapter 42.56 RCW, Chapter 7.24 RCW, and Chapter 7.40 RCW.

3.2     Venue is proper in Pierce County Superior Court, Pierce County, Washington, pursuant to RCW 36.01.050, RCW 42.56.540, RCW 4.12.020, and RCW4.12.025.

PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF

2

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA  98057
TEL: (206) 582-6001
FAX: (206) 466-6085

1       3.3     Plaintiffs have standing to bring this action, the disputes that are the subject of

2  this action are ripe for the Court to resolve, and all conditions precedent to filing suit have been

3  performed or have occurred.

4                         **IV.    FACTUAL BACKGROUND**

5       4.1     On November 26 and 27, 2014, Defendant Green was incarcerated in the Pierce

6  County Jail related to an arrest for obstruction. On December 17, 2017, through his personal

7  email briangreenband@tds.net, Defendant Green submitted a PRA request to the Pierce

8  County Sheriff's Department related to his prior November 2014 incarceration and targeted

9  correctional staff seeking:

10
11          Any and all records of official photos and/or birth date and/or rank and/or position
and/or badge number and/or date hired and/or ID Badge for all detention center
and/or jail personnel and/or deputies on duty on November 26 & 27, 2014.

12  In response to this request, and pursuant to RCW 42.56.250(8),[1] the Pierce County Sheriff's

13  Department withheld the photographs and dates of birth in the personnel files of the Pierce

14  County Jail correctional staff.

15       4.2     The purpose of the exemption in RCW 42.56.250 (8) is to protect employees

16  and workers of criminal justice agencies. The exemption arose out of recommendations from

17  the Governor's task force on the Lakewood Police murders.  In November 2009, four

18  Lakewood police officers were fatally shot at a coffee shop in Pierce County. The shooter was

19  Maurice Clemmons, and after the shooting family members and friends helped Clemmons

20  avoid capture. Clemmons was later shot and killed by a Seattle police officer. Based on public

21  testimony on the House Bill that became RCW 42.56.250 (8), it was learned that after the

22  shooting the Lakewood Police Department was barraged with requests for information on

23  officers and their families, and that many of the requests came from members of Clemmons'

24

25

26       [1] RCW 42.56.250 was amended by HB 2020 effective July 28, 2019. Subsection (8) of the statute was
formerly subsection (9).

PLAINTIFFS' COMPLAINT FOR                 3              FREIMUND JACKSON & TARDIF, PLLC
DECLARATORY JUDGMENT AND                         900 SW 16TH STREET, SUITE 215
INJUNCTIVE RELIEF                                   RENTON, WA 98057
                                              TEL: (206) 582-6001

1    family. Public testimony further provided that inmates and other parties use requests to target

2    and endanger criminal justice workers and their families.

3        4.3    In response to the withholding by the Pierce County Sheriff's Department,

4    Defendant Green claimed a "news media" exception to the RCW 42.56.250 (8) exemption.

5    Defendant Green is not employed by any news entity, but is an individual with a YouTube

6    account he calls "Libertys Champion." The Pierce County Sheriff's Department maintained

7    the withholding of photographs and dates of birth records, and on November 28, 2018,

8    Defendant Green served Pierce County with a PRA lawsuit. In December 2018, Defendant

9    Green filed the PRA lawsuit in Thurston County Superior Court.

10       4.4    Plaintiff Frank Cornelius is a Pierce County Deputy Prosecuting Attorney who

11   was assigned to defend the County in the PRA lawsuit brought by Defendant Green. During

12   the course of the PRA lawsuit, DPA Cornelius, as attorney for the County, sought written

13   discovery from Defendant Green related to his news media claim under RCW 42.56.250(8) and

14   RCW 5.68.010(5) and the County's affirmative defenses. Defendant Green did not provide

15   sufficient information in response to the County's discovery requests, and on behalf of the

16   County DPA Cornelius filed a motion to compel answers.

17       4.5    Defendant Green was angered by the County's discovery requests and motion to

18   compel. On February 27, 2019, the same day DPA Cornelius filed the County's reply in

19   support of its motion to compel discovery, Defendant Green retaliated by submitting a new

20   PRA request to the Pierce County Prosecutor's Office targeting DPA Cornelius by seeking the

21   following records:

22           1.    Any and all of Frank Cornelius's cellular telephone records
                   for any and all cellular telephones he uses to conduct his
23                 business including text messages from November 2018 to
                   present.
24

25

26

PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF

4

FREIMUND JACKSON & TARDIE, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

2.   Any and all records of official photos and/or birth date and/or rank and/or position and/or badge number and/or date hired and/or ID Badge for Frank Cornelius.

3.   Any and all complaints or grievances involving or pertaining to Frank Cornelius.

This PRA request targeting DPA Cornelius was made by Defendant Green only for the purpose of intimidating and harassing DPA Cornelius in retaliation for DPA Cornelius' efforts to defend the County and conduct legitimate discovery as permitted by Washington law and the Civil Rules. Both Defendant Green's earlier PRA request seeking personal information about County correctional staff and his more recent PRA request targeting Plaintiff Cornelius relate to personal matters. Neither Defendant Green nor the public generally have a legitimate interest or any bona fide news purpose in obtaining DPA Cornelius' birthdate or photographs of DPA Cornelius that are contained in County records.

4.6    On April 5, 2019, the Thurston County Superior Court entered an order in Defendant Green's PRA action against the County deciding the issue of whether Defendant Green qualified as a member of the "news media" for purposes of RCW 42.56.250 (8) and RCW 5.68.010 (5). While the Thurston County Superior Court determined that Defendant Green qualified as a member of the "news media" based upon his YouTube account and that no further discovery was required for it to resolve this issue, it recognized its "order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of this litigation." As a result, the Thurston County Superior Court certified this decision for an immediate interlocutory appeal pursuant to RAP 2.3(b)(4), and it stayed enforcement of its order pending resolution of such appeal.

4.7    The County sought and obtained discretionary review pursuant to the Thurston County Superior Court's certification that its decision in Defendant Green's PRA lawsuit is

PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF

5

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001

1 | appropriate for an interlocutory appeal. The Court of Appeals granted the County's request for
2 | discretionary review, and the case is now pending in the Court of Appeals, Division II.

3 |     4.8    The County responded to Defendant Green's February 27, 2019 PRA request
4 | for records relating to Plaintiff Cornelius by producing records in installments. On April 15,
5 | 2019, the County released a first installment of records to Defendant Green, consisting of
6 | twenty-one (21) pages. In the letter notifying Defendant Green that the first installment of
7 | records was available, the County stated, "We are requesting that you provide us any
8 | information to establish whether this request for photograph and date of birth records satisfies
9 | the requirements of RCW 42.56.250 (8) and RCW 5.68.010 (5). Please provide this
10 | information by the next installment date of May 3, 2019."

11 |     4.9    On May 3, 2019, the County released a second installment of records to
12 | Defendant Green, consisting of one (1) page of records. In the letter notifying Defendant
13 | Green that the second installment of records was available, the County reminded Defendant
14 | Green that it had requested information from him to establish that he was a member of the
15 | "news media" and that it had not received any response from him.

16 |     4.10    On May 16, 2019, Defendant Green sent the County an e-mail claiming that he
17 | is a member of the "news media" based upon the fact that he is an "administrator" and
18 | "manager" of his YouTube account, "Libertys Champion."

19 |     4.11    On May 17, 2019, the County notified Defendant Green that it would require
20 | additional time before it could provide the next installment of records to his February 27, 2019
21 | PRA request for records regarding Plaintiff Cornelius. The County estimated further response
22 | to his request would be provided on or before May 28, 2019. On May 24, 2019, the County
23 | again notified Defendant Green that it would require additional time to provide a further
24 | response, because it required additional information to determine whether he qualified as a
25 | member of the "news media" for purposes of RCW 42.56.250(8) and RCW 5.68.010 (5).
26 | Specifically, the County's May 24, 2019 letter to Defendant Green stated:

PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF

6

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

We need additional information from you to determine whether you qualify as "news media" as defined by RCW 5.68.010 (5).  That statute provides that persons must be an employee, agent, or independent contractor of an entity that is in the regular business of news gathering and disseminating news of information to the public.  The statute further requires that information being sought must be obtained while serving in that capacity.

You identify yourself as the "administrator" and "manager" of a YouTube channel that you call "Liberty's Champion."  The roles you identify are not terms found in RCW 5.68.010 (5).  Please provide us with information to establish that you are either an employee, agent, or independent contractor of "Libertys Champion" engaged in bona fide news gathering, as well as information establishing that "Libertys Champion" qualifies as an "entity" under RCW 5.68.010 (5)(a).  We would also appreciate any verifying documentation that you are able to provide in support of the legal nature of "Libertys Champion" and your relationship to it.   This information is needed to assist us in making the appropriate determinations under RCW 42.56.250(9).

4.12    On May 28, 2019, Defendant Green sent the County a copy of the Thurston County Superior Court's April 5, 2019 order on the merits from his PRA lawsuit against the County. As stated above, by its terms this order is stayed pending resolution by the Court of Appeals of the County's request for an interlocutory appeal and is therefore currently not enforceable. On May 28, 2019, the County also sent Defendant Green a letter notifying him it would provide him a further response to his PRA request for records regarding Plaintiff Cornelius on or before June 3, 2019.

4.13    On June 3, 2019, the County released to Defendant Green a fourth installment of records responsive to his PRA request for records regarding Plaintiff Cornelius, consisting of two (2) pages of records.  The County further estimated that information regarding the next installment of records would be available on or before June 10, 2019.

4.14    On June 10, 2019, Plaintiffs herein filed a lawsuit against the County and Defendant Green in Pierce County Superior Court under Cause No. 19-2-08599-7. The lawsuit asserted that the County's release of records containing birthdates and/or photos of PCPAA member employees, including but not limited to Plaintiff Cornelius, in response to PRA

PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF                                                7                    FREIMUND JACKSON & TARDIF, PLLC
                                                                                      900 SW 16TH STREET, SUITE 215
                                                                                      RENTON, WA 98057
                                                                                      TEL: (206) 582-6001

1   requests by Defendant Green would violate the privacy rights of such member employees

2   under Article 1, Section 7 of the Washington Constitution. The lawsuit also asserted Defendant

3   Green did not qualify under the "news media" exception in RCW 42.56.250 (8) and RCW

4   5.68.010 (5). Defendant Green was served with the prior lawsuit filed by Plaintiffs herein on

5   June 14, 2019. On June 17, 2019, Defendant Green sent an e-mail to the County in which he

6   withdrew the part of his February 27, 2019 PRA request seeking birthdates and official photos.

7   Subsequently, attorney Joe Thomas, who purported to represent Defendant Green, insisted that

8   Plaintiffs herein dismiss their lawsuit. On July 19, 2019, the Pierce County Superior Court

9   granted a motion by Plaintiffs herein to dismiss their lawsuit without prejudice based upon

10   Defendant Green's withdrawal of the portion of his February 19, 2019 PRA request that sought

11   birthdates and official photos.

12       4.15    Defendant Green's efforts to intimidate and harass Plaintiff Cornelius have

13   continued and escalated. Between July 20-30, 2019, an "anonymous" PRA requestor submitted

14   approximately fifty-six (56) separate public records requests from the email address

15   records.requests@yahoo.com to the Pierce County Prosecutor's Office seeking all variety of

16   information pertaining to Plaintiff Cornelius, Plaintiff PCPAA, and the prior declaratory

17   judgment action including but not limited to information regarding the below signed attorney

18   John Nicholson, the law firm Freimund, Jackson & Tardif where Mr. Nicholson works,

19   identification of members of PCPAA, documents regarding the prior declaratory judgment

20   action under Pierce County Superior Court Cause No. 19-2-08599-7, and Plaintiff Cornelius.

21   Plaintiff Cornelius is identified by name or other personal identifiers in thirteen (13) of these

22   PRA requests. Among the requests, copies of all photo identification badges for any and all

23   current members of PCPAA were requested.

24       4.16    On August 9, 2019, Defendant Green submitted approximately fifteen (15) PRA

25   requests to the Pierce County Prosecutor's Office from his briangreenband@tds.net email

26   address, seeking information pertaining to the below signed attorney John Nicholson, the law

PLAINTIFFS' COMPLAINT FOR               8            FREIMUND JACKSON & TARDIF, PLLC
DECLARATORY JUDGMENT AND                        900 SW 16TH STREET, SUITE 215
INJUNCTIVE RELIEF                                   RENTON, WA 98057
                                             TEL.: (206) 582-6001

1 | firm Freimund, Jackson & Tardif, PLLC, where Mr. Nicholson works, and the PCPAA.
2 | Fourteen (14) of the August 9, 2019 PRA requests were identical to requests made by the
3 | "anonymous" requestor between July 20-30, 2019.

4 |       4.17    On August 23, 2019, Defendant Green made a new PRA request to the County
5 | for "[a]ny and all records of official photos and/or ID Badges for Frank Cornelius." On August
6 | 26, 2019, Defendant Green followed up this new PRA request with an email claiming it was "a
7 | news media request."

8 |       4.18    Based on information and belief, the "anonymous" requestor is Defendant
9 | Green or another individual acting on his behalf. On September 5, 2019, attorney Joe Thomas
10 | and Defendant Green appeared together at the Pierce County Prosecuting Attorney's civil
11 | division offices in Tacoma, Washington seeking to pay costs for copies of records disclosed by
12 | the County in response to PRA requests. At that time, Mr. Thomas identified himself as the
13 | attorney     for     the     "anonymous"     requestor     who     uses     the     email     address
14 | records.requests@yahoo.com and then paid $1.05 on behalf of his client.

15 |       4.19    Public release of photos and/or identification badges of Plaintiff Cornelius
16 | contained in County records would subject him to an ongoing risk of identity theft and other
17 | harms. Plaintiff Cornelius is entitled to an expectation that photos of him contained in County
18 | records will not be disclosed in response to Defendant Green's PRA request. Release of
19 | Plaintiff Cornelius' photos contained in County records would also be highly offensive to a
20 | reasonable person and is not of legitimate concern to the public.

21 |       4.20    Defendant Green is not an "entity" listed in RCW 5.68.010 (5)(a), nor is he a
22 | parent, subsidiary, or affiliate of any such "entity." Likewise, Defendant Green is not an
23 | employee, agent, or independent contractor of any "entity" that is listed in RCW 5.68.010
24 | (5)(b). Defendant Green's YouTube account, "Libertys Champion," is not an "entity" listed
25 | RCW 5.68.010 (5)(a). Therefore, Defendant Green is not a member of the "news media," as
26 | defined in RCW 5.68.010 (5).

1      4.21    On September 4, 2019, the County responded to Defendant Green's August 23,

2 2019 PRA request by denying the request.

3      4.22    Plaintiff Cornelius does not consent to the County's release of records that

4 reveal his official photos and/or identification badges. All County records responsive to

5 Defendant Green's PRA request contain such objectionable information about Plaintiff

6 Cornelius and/or images of him.

7                   **V.    CLAIMS FOR RELIEF**

8                         **FIRST CLAIM**

9   **DECLARATORY JUDGMENT UNDER Chapter 7.24 RCW**

10      5.1    Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the

11 allegations in Paragraphs 4.1 - 4.22 above.

12      5.2    Public employee members of PCPAA, including but not limited to Plaintiff

13 Cornelius, have a right of privacy under Article 1, Section 7 of the Washington Constitution.

14 Plaintiffs are entitled to a judgment pursuant to Chapter 7.24 RCW declaring that the County's

15 disclosure of records containing the official photos and/or identification badges of public

16 employee members of PCPAA, including but not limited to those of Plaintiff Cornelius, would

17 violate this right to privacy.

18      5.3    Plaintiffs are entitled to a judgment pursuant to Chapter 7.24 RCW declaring

19 that County records containing official photos and/or identification badges of the public

20 employee members of Plaintiff PCPAA, including but not limited to those of Plaintiff

21 Cornelius, are exempt from disclosure under the PRA.

22                   **SECOND CLAIM**

23      **INJUNCTION UNDER RCW 42.56.540**

24      5.4    Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the

allegations in Paragraphs 4.1 – 4.22 above.

25

26

PLAINTIFFS' COMPLAINT FOR          10          FREIMUND JACKSON & TARDIF, PLLC
DECLARATORY JUDGMENT AND                 900 SW 16TH STREET, SUITE 215
INJUNCTIVE RELIEF                               RENTON, WA 98057
                                         TEL: (206) 582-6001
                                       FAX: (206) 466-6085

1      5.5     Plaintiffs are entitled to an injunction under RCW 42.56.540 prohibiting the

2 County from disclosing records revealing the official photos and/or identification badges of

3 public employee members of Plaintiff PCPAA, including but not limited to those of Plaintiff

4 Cornelius, to Defendant Green.

5

6 **THIRD CLAIM**<br>**INJUNCTION UNDER Chapter 7.40 RCW**

7      5.6     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the

8 allegations in Paragraphs 4.1 – 4.22 above.

9      5.7     Plaintiffs are entitled to an injunction under Chapter 7.40 RCW prohibiting the

10 County from disclosing records revealing the official photos and/or identification badges of

11 public employee members of Plaintiff PCPAA, including but not limited to those of Plaintiff

12 Cornelius, to Defendant Green.

13 **VI.**     **REQUEST FOR RELIEF**

14      WHEREFORE, Plaintiffs request the Court enter a judgment in their favor and against

15 Defendants as follows:

16      A.     Declaring that disclosure of County records containing official photos and/or

17 identification badges of public employee members of Plaintiff PCPAA, including but not

18 limited to those of Plaintiff Cornelius, would violate their right to privacy under Article 1,

19 Section 7 of the Washington Constitution.

20      B.     Declaring that Defendant Green is not a member of the "news media" under

21 RCW 42.56.250 (8) and RCW 5.68.010 (5).

22      C.     Declaring that County records containing official photos and/or identification

23 badges of public employee members of Plaintiff PCPAA, including but not limited to those of

24 Plaintiff Cornelius, are exempt to disclosure under the PRA.

25

26

PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF         11         FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001

1      D.    Providing temporary, preliminary, and permanent injunctive relief enjoining the

2  County from disclosing the official photos and/or identification badges of public employee

3  members of Plaintiff PCPAA, including but not limited to those of Plaintiff Cornelius, as

4  contained in County records.

5      E.    Declaring that Defendant Green uses the PRA for abusive and vexatious

6  purposes, including intimidation and harassment.

7      F.    For such other and further relief as the Court deems just and proper.

8

9      DATED this 24th day of October, 2019.

10

11                                 JOHN R. NICHOLSON, WSBA #30499

12                                 Freimund Jackson & Tardif, PLLC

13                                 405 Place South

                               900 S.W. 16th Street, Suite 215

14                                 Renton, Washington 98057

                               206-582-6001

15                                 johnn@fjtlaw.com

                               Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' COMPLAINT FOR          12          FREIMUND JACKSON & TARDIF, PLLC
DECLARATORY JUDGMENT AND                        900 SW 16TH STREET, SUITE 215
INJUNCTIVE RELIEF                                   RENTON, WA 98057
                                                  TEL: (206) 582-6001
                                                  FAX: (206) 466-6085